Case 4:20-cv-03576   Document 1-1   Filed on 10/20/20 in TXSD   Page 1 of 7

10/1/2020 5:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46770924
By: Adiliani Solis
Filed: 10/1/2020 5:10 PM

2020-62382 / Court: 269

NO. _____

| | | |
|---|---|---|
| JORGE EMILIO YANEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ESTES EXPRESS LINES, ESTES | § | |
| EXPRESS LINES INC., ESTES | § | |
| TERMINALS, LLC, AND ESTES, AND | § | |
| ANTHONY LAMAR LEATHERWOOD, | § | |
| | § | |
| Defendants. | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Jorge Emilio Yanez files his Original Petition against Defendants Estes Express Lines, Estes Express Lines, Inc., Estes Terminals, LLC, Estes, and Anthony Lamar Leatherwood as follows:

### I. DISCOVERY

1. Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190.

2. Plaintiff has contemporaneously filed and attached for service Plaintiff's First Set of Interrogatories, Plaintiff's First Request for Production, and Plaintiff's First Request for Admission ("Plaintiffs' Discovery Set) to this Original Petition and Request for Disclosure. Defendants' objections, responses, and answers to Plaintiffs' Discovery Set are due within fifty (50) days of service of this document.

### II. NATURE OF ACTION

3. This is a negligence and/or gross negligence cause of action. Because of Defendants' negligence and/or gross negligence, Mr. Yanez suffered severe personal injuries.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES** – Page 1
19019/2.1

# EXHIBIT A

### III.   PARTIES

4.   Jorge Emilio Yanez ("Mr. Yanez") is a citizen of Texas who resides in Harris County, Texas.

5.   Defendant Estes Express Lines is a Virginia corporation that conducts business in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

6.   Defendant Estes Express Lines, Inc. is a Virginia corporation that conducts business in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.   Defendant Estes Terminals, LLC is a Virginia limited liability company doing business in Texas. Pursuant TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, because Estes Terminals, LLC is a nonresident limited liability company that engages in business in Texas, but did not designate or maintain a resident agent for service of process in this state, the Texas Secretary of State of State is an agent for service of process on this Defendant, and service of process may be obtained over this Defendant by service of process on the Texas Secretary of State. Once process is served on the Texas Secretary of State, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to Estes Terminals, LLC as follows:

> Estes Terminals, LLC
> c/o Stephen Estes Hupp
> 3901 West Broad Street
> Richmond, Virginia 23230

8. Defendant Estes is an assumed name and is named in this lawsuit pursuant to TEX. R. CIV. P. 28, and may be served with process *via* the District Clerk, *via* certified mail, return receipt requested at 7345 Roundhouse Lane, Houston, Texas 77078.

9. Defendant Anthony Lamar Leatherwood (Mr. Leatherwood") is an individual residing in Harris County, Texas and is and at all relevant times has been a citizen of the State of Texas. Mr. Leatherwood may be served with original service of process at 19800 Kenswick Drive, Apt. #837, Humble, TX 77338, or wherever he may be found. Mr. Leatherwood undertook to place the ramp on the back of the truck that Mr. Yanez was using. Having done so, Mr. Leatherwood had an independent duty to do so with reasonable prudence. However, upon information and belief, Mr. Leatherwood placed the ramp in a manner that it was not properly secured, thereby creating a hazard for Mr. Yanez through his activities and affirmative acts.

### IV. JURISDICTION AND VENUE

10. Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

11. This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

### V. FACTUAL BACKGROUND

12. On or about April 9, 2019, Jorge Emilio Yanez ("Mr. Yanez") arrived at Defendant Este Terminals, LLC's Houston-based truck terminal #165, located at 7345 Roundhouse Lane, Houston, Texas 77078 (the "Premises"). Mr. Yanez was an invitee on the Premises with plans to unload freight from a trailer. As part of Defendants' truck terminal services, Mr. Leatherwood assisted Mr. Yanez by providing and setting up the "sure move ramp" (the

"Ramp") to access and unload freight from the trailer. But Mr. Leatherwood incorrectly set up the Ramp, and as a result, the Ramp was unsafe, unstable, and unsecure for its intended use. When Mr. Yanez stood on the Ramp and began unloading his trailer, the Ramp suddenly gave way, causing Mr. Yanez to fall and suffer severe and personal injuries (the "Incident").

13. Upon information and belief, at the time of the Incident, Anthony Leatherwood was in the course and scope of his employment with Estes Terminals, LLC and/or Estes Express Lines, Estes Express Lines, Inc., or Estes.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE OF ANTHONY LEATHERWOOD, ESTES EXPRESS LINES, INC., ESTES EXPRESS LINES, ESTES, AND ESTES TERMINALS, LLC

14. Plaintiff incorporates all factual allegations made above.

15. Defendant Anthony Leatherwood was negligent by virtue of certain acts and/or omissions, including, but not limited to:

  a. failing to exercise reasonable care as an ordinary and prudent person under the same or similar circumstances would have done;

  b. failing to properly hook up, set up, install, or otherwise connect the moving ramp to the trailer in the Incident prior to use;

  c. failing to stabilize the ramp prior to use;

  d. failing to ensure the ramp was secure prior to use;

  e. and other acts to be proven at trial.

16. Defendants Estes Express Lines, Inc., Estes Express Lines, Estes and Estes Terminals, LLC were negligent by virtue of certain acts and/or omissions, including but not limited to:

  a. failing to properly train its employees and personnel;

  b. failing to institute proper and effective safety policies, procedures, and programs for screening, training, and supervision;

    c.    failing to employ or contract reasonably competent personnel;

    d.    failing to properly train its employees and personnel to safely and securely connect moving ramps;

    e.    retaining control over safety and failing to reasonably exercise that control;

    f.    failing to provide reasonable and competent supervision; and,

    g.    other acts to be proven at trial.

### B. GROSS NEGLIGENCE OF DEFENDANTS

17. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence and/or malice. Defendants' acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendants had actual, subjective awareness of the risk involved when a ramp is improperly hooked up to a trailer a person stands on that unsafe and unsecure ramp while loading a trailer, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

### VII. CAUSATION AND DAMAGES

18. Plaintiff incorporates all factual allegations made above.

19. As a proximate result of Defendants' negligent acts and/or omissions, Mr. Yanez has suffered in the past and will continue to suffer in the future: medical and healthcare expenses; loss of earning capacity; loss of own household services; pain and suffering; mental anguish; physical and mental impairment; physical disfigurement; emotional distress; and loss of enjoyment of life.

20. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief in excess of $1,000,000.

## VIII. ALTERNATIVE PLEADINGS

21. To the extent facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## IX. PRESERVATION OF EVIDENCE

22. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense to the Incident made the basis of this lawsuit, or damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business records, memoranda, files, facsimiles, e-mail, voicemail text messages, sales receipt, invoices, calendars entries, diary entries, any incident report, and any electronic image, data or information related to the Incident made the basis of this lawsuit. Failure to maintain such items, including but not limited to any other items previously requested and demanded to be preserved before the subject lawsuit ensured, will constitute "spoliation" of the evidence.

## X. NOTICE UNDER RULE 193.7

23. Pursuant to Tex. R. Civ. P. 193.7, Defendants are hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless Defendants make valid objections to authenticity pursuant to the Tex. R. Civ. P. 193.7.

## XI. JURY DEMAND

24. Plaintiff demands a trial by jury on all of their claims, the jury fee having been deposited with the Clerk of the Court.

## XII. PRAYER

25. Plaintiff prays that judgment be entered against Defendants for:

   a.   compensatory damages;

      b.    all costs of court expended herein;

      c.    pre-judgment and post-judgment interest at the maximum rate allowed by law;

      d.    exemplary damages; and

      e.    all other relief to which Plaintiff is justly entitled.

### XIII.  REQUEST FOR DISCLOSURE

26. Plaintiff requests that each Defendant provide Plaintiff with the information or material described in Rule 194.2(a)-(1) of the Texas Rules of Civil Procedure at the offices of the undersigned counsel within 50 days of service of this document.

Dated:  October 1, 2020
           Houston, Texas

Respectfully submitted,

PADILLA & RODRIGUEZ, L.L.P.

By: */s/ John M. Padilla*
    John M. Padilla
    State Bar No. 00791395
    jpadilla@pandrlaw.com
    James G. Rodriguez
    State Bar No. 24002858
    jrodriguez@pandrlaw.com
    Joaquin A. Rodriguez
    State Bar No. 24093058
    joaquin@pandrlaw.com
    Zachary F. Caballero
    State Bar No. 24106855
    zcaballero@pandrlaw.com
    5433 Westheimer Road, Suite 825
    Houston, Texas 77056
    (713) 574-4600
    (713) 574-4601 (fax)

**ATTORNEYS FOR PLAINTIFF**